## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS DEFERRED SAVINGS )
FUND, TRUSTEES OFTHE CHICAGO )
PAINTERS AND DECORATORS )
APPRENTICESHIP FUND, TRUSTEES OF )
THE CHICAGO PAINTERS AND )
DECORATORS SCHOLARSHIP FUND, )
TRUSTEES OF THE CHICAGO ) No. 26-cv-5685
PAINTERS AND DECORATORS JOINT )
COOPERATION TRUST FUND, and TRUSTEES )
OF THE CHICAGO PAINTERS AND )
DECORATORS RETIREMENT SAVINGS )
FUND. )
                       Plaintiffs, )
     v. )
                             )
CAPITAL INDUSTRIAL COATINGS, LLC, )
and CAPITAL INDUSTRIAL SERVICES, LLC )
                            )
                Defendants. )

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION

FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND,;

TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS

PLAN FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS

APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND

DECORATORS SCHOLARSHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND

DECORATORS JOINT COOPERATION TRUST FUND, and TRUSTEES OF THE CHICAGO

PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND, by their attorneys, Paul M.

Egan, Grant R. Piechocinski, James R. Anderson, Anita Saliu, and ARNOLD AND KADJAN LLP, complain against Defendant **CAPITAL INDUSTRIAL COATINGS, LLC** and **CAPITAL INDUSTRIAL SERVICES, LLC**, Illinois limited liability companies, as follows:

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction is also founded on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (c) and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS TRUST FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP TRUST FUND; TRUSTEES OF THE CHCAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS RETIREMETNT SAVINGS FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the

"Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.     Defendant **CAPITAL INDUSTRIAL COATINGS, LLC ("CAPITAL COATINGS"),** an Illinois limited liability company, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about May 30, 2017, whereby **CAPITAL COATINGS** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as Exhibit A.

7.     Defendant **CAPITAL COATINGS** also agreed to be bound by provisions of a participation agreement to make fringe benefit contributions on certain office staff.

8.     Defendant **CAPITAL INDUSTRIAL SERVICES, LLC ("CAPITAL SERVICES"),** an Illinois limited liability company, is an employer engaged in an industry affecting commerce which entered into a Labor Agreement with the Union on or about November 11, 2020, whereby they agreed to be bound by provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.

**The Agreements**

9.      Pursuant to the provisions of the Labor Agreement, both **CAPITAL COATINGS** and **CAPITAL SERVICES** are bound to the Trust Agreements and are required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, both **CAPITAL COATINGS** and **CAPITAL SERVICES** are required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

10.      Pursuant to the provisions of the Participation Agreement to which it is bound, **CAPITAL COATINGS** is required to make fringe benefit contributions on all full-time staff.

11.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, both **CAPITAL COATINGS** and **CAPITAL SERVICES** are required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not they are in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require both **CAPITAL COATINGS** and **CAPITAL SERVICES** to pay liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

12.      Under the terms of the Participation Agreement to which it is bound, **CAPITAL COATINGS** is required to submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not **CAPITAL COATINGS** is in compliance with its obligations to contribute to the Funds. In addition, the Participation Agreement requires

**CAPITAL COATINGS** to pay liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the Collection process.

## The Claims

### Count I – Office Staff

14. Plaintiffs obtained an audit of **CAPITAL COATINGS,** which demonstrates that **CAPITAL COATINGS** has breached the provisions of the Participation Agreement by failing to pay all contributions owed to Plaintiffs on specified due dates for the period of March 1, 2018 through December 31, 2025, resulting in $1,777,802.36 due to Plaintiffs in contributions, liquidated damages and auditors' fees.

15. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **CAPITAL COATINGS.**

16. **CAPITAL COATINGS** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Participation Agreement, Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

17. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    (i) interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

### Count II – Field Employees

18. Plaintiffs obtained an audit of **CAPITAL COATINGS** which demonstrates that **CAPITAL COATINGS,** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all contributions owed to Plaintiffs on specified due dates for the

period of May 30, 2017 through December 31, 2025, resulting in $109,386.34 due to Plaintiffs in contributions, liquidated damages, and auditors' fees.

19. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **CAPITAL COATINGS**.

20. **CAPITAL COATINGS** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

21. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**Count III**

22. Plaintiffs obtained an audit of **CAPITAL SERVICES,** which demonstrates that **CAPITAL SERVICES** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all contributions owed to Plaintiffs on specified due dates for the period of November 1, 2020 through December 31, 2025, resulting in $304,174.61 due to Plaintiffs in contributions, liquidated damages, and auditors' fees.

23. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **CAPITAL SERVICES**.

24. **CAPITAL SERVICES** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

25.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i)     interest on the unpaid contributions; or

(ii)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     That judgment be entered in favor of Plaintiffs and against **CAPITAL COATINGS** in the amount shown to be owed on the audit for office employees for the period of March 1, 2018 through December 31, 2025;

B.     That judgment be entered in favor of Plaintiffs and against **CAPITAL COATINGS** in the amount shown to be owed on the field employees for the period of May 30, 2017 through December 31, 2025;

C.     That judgment be entered in favor of Plaintiffs and against **CAPITAL SERVICES** in the amount shown to be owed on the audit for the period of November 1, 2020 through December 31, 2025.

D.     That this Court enjoin **both CAPITAL COATINGS** and **CAPITAL SERVICES** from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and both **CAPITAL COATINGS** and **CAPITAL SERVICES** be ordered to resume making those payments;

E.     That this Court enjoin **CAPITAL COATINGS** from violating the terms of the Participation Agreement by failing to make timely payment to the Funds and **CAPITAL COATINGS** be ordered to resume making those payments.

F.      That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 15%, and interest, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

G.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Grant R. Piechocinski_____
        One of their Attorneys

 PAUL M. EGAN
GRANT. R. PIECHOCINSKI
JAMES R. ANDERSON
ANITA SALIU
ARNOLD AND KADJAN LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601